IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3148-8 |
| | ) | |
| v. | ) | |
| | ) | |
| ANGEL M. KOSKI, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

With several other defendants, Angel M. Koski is charged with involvement in a methamphetamine conspiracy and possession of pseudoephedrine with intent to manufacture methamphetamine. She faces a substantial period of time in prison if convicted. She has denied the charges.

Ms. Koski, who is 39 or so, appeared before me on January 22, 2009 to answer allegations that she violated her conditions of pretrial release by attempting to solicit Xanax while at a treatment center and by leaving the treatment center. At the hearing, and by her own admission, I learned that Koski is addicted to prescription Fentanyl and Hydrocodone. The pretrial services report indicates that the defendant is in "poor health" and in the recent past the defendant was taking the following additional drugs prescribed by her physician: Throxine, Klonopin, Percocet, Cymbalta and Neurontin. The defendant claims to suffer from Lupus and Fibromylagia. She also claims to have thyroid and depression problems. To complicate matters, the defendant is four weeks pregnant. The treatment center had been trying to wean the defendant from her prescription pain medications at the time the alleged violations occurred. At the hearing, the defendant's thought processes were frantic and loose.

Because I have serious doubts about the defendant's present competency, I did not go forward with the hearing on the release violation. Instead, I enter the following order.

IT IS ORDERED that:

1. There is reasonable cause to believe the defendant is incompetent.

2. The defendant is remanded to the custody of the U.S. Marshal.

3. The United States Bureau of Prisons shall designate a medical center for federal prisoners at which the defendant shall be examined pursuant to this order. Upon such designation, the defendant (who is, and who shall remain, in federal custody) shall be transported to the place designated by the Bureau of Prisons by the U.S. Marshal. The defendant shall remain at the medical center until released to the U.S. Marshal for return to Nebraska.

4. Pursuant to [18 U.S.C. § 4241](), [18 U.S.C. § 4247(b)&(c)]() and other applicable laws, the Bureau of Prison shall evaluate the defendant and determine: (a) the defendant's present mental and physical condition and (b) the defendant's physical and mental competency to stand trial. The Bureau of Prisons shall provide me with a written report in accordance with the applicable laws and the terms of this order. The evaluation shall be submitted to the court and defendant's counsel within 60 days of the defendant being delivered to the medical center.

5. The defendant's counsel shall promptly gather and provide the pretrial services officer with such pertinent unprivileged information as may be accessible to counsel.

6. The Assistant United States Attorney handling this case shall promptly gather and provide the pretrial services officer with such pertinent information as may be accessible to counsel.

7. The pretrial services officer assigned to this case (Mindy Bare) is requested to facilitate the implementation of this order and coordinate this case with the Bureau of Prisons. In particular, the officer shall obtain and transmit to the Bureau of Prisons copies of the pretrial services report and the pretrial services violations report (with attachments) and any other information that may aid the Bureau of Prisons in its assessment. The officer is directed to expend every reasonable effort to gather this information and provide it to the Bureau of Prisons as soon as possible.

8. My chambers will insure that a copy of this memorandum and order is promptly provided to Ms. Bare and the United States Marshal's Service. My chambers shall also cause a copy of this memorandum and order to be delivered to Magistrate Judge Piester.

9. The time between January 22, 2009 and the ultimate determination of the defendant's competency shall be excluded from computation for purposes of the Speedy Trial Act. *See*, *e.g.*, 18 U.S.C. § 3161(h)(1).

10. The Clerk shall provide a copy of this memorandum and order to counsel of record for the government and *all* defendants. The Clerk shall also deliver a copy of this memorandum and order to the United States Marshal.

DATED this 22nd day of January, 2009.

BY THE COURT:
*s/Richard G. Kopf*
United States District Judge