IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3148-8 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| ANGEL M. KOSKI, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Angel M. Koski is charged with conspiracy to manufacture methamphetamine. After she walked away from a drug treatment center, a petition (filing 106) was filed seeking the revocation of her release. When Koski appeared at the hearing in January of this year, I became worried that she might not be competent. As a result, I ordered an evaluation by the Bureau of Prisons. I also became aware that Koski was pregnant. I am now informed by her counsel that Koski will give birth in July of 2009. The Bureau of Prisons evaluation (contained in a series of reports) has been completed. (Filings 186, 195; *see also* attachment to filing 209.) In addition, the undersigned, counsel for both parties and the defendant conferred by telephone on May 20, 2009 with Dr. Yanez and Commander McGee, representatives of the Bureau of Prisons. (Filing 203.)

Koski personally appeared before me on June 8, 2009. Everyone agrees that she is competent to stand trial although she is seriously dependent on pain killers. Koski admitted that she violated her conditions of pretrial release because she left the treatment center without permission. Although disputed by Koski's counsel, I found that Koski was a flight risk and a danger to the community. I also found that detention in jail was the only reasonable alternative especially given Koski's behavior while in the custody of the Bureau of Prisons. After considering an oral report from the Assistant United States Attorney regarding the legal status of Koski's living

children[1] and considering an oral report from Deputy United States Marshal Ryan Thompson[2], I determined that (1) Koski could have telephone contact and in-person visits with her now living children provided that the custodian of those children (the Nebraska Department of Health and Human Services) approves such contacts and visitations and provided further that the jail has no rules against such contacts or visitations; (2) proper arrangements had been made to address the defendant's medical condition including her pregnancy while she is in jail; and (3) proper arrangements had been made for the care and custody of the unborn child once Koski gives birth.  Finally, it was agreed that I should refer this case to Judge Piester for further progression.  Accordingly,

    IT IS ORDERED that:

1.      The defendant is competent to stand trial.

2.      The amended petition (filing 106) is sustained and the defendant shall be detained pending trial.

---

[1]Among other things, the AUSA reported that juvenile proceedings were pending in the Merrick County, Nebraska court regarding the now living children and that the State of Nebraska currently has custody of those children.  In contrast, welfare case workers advised that they do not presently intend to seek custody of the unborn child after it is born.

[2]Among other things, Mr. Thompson reported that Koski could safely be held in a local jail, that necessary medical attention could be provided to Koski, including medical attention during child birth, and that Koski's husband had made arrangements with the United States Marshals Service to take custody of the unborn child after Koski gives birth. At my direction, the Assistant United States Attorney agreed to notify the Merrick County Attorney that Koski's husband would be taking custody of the unborn child once Koski gave birth.

3.    Koski may have telephone contact and in-person visits with her now living children provided that the custodian of the children (the Nebraska Department of Health and Human Services) approves such contacts and visitations and provided further that the jail has no rules against such contacts or visitations.

4.    The Assistant United States Attorney handling this case shall notify the Merrick County Attorney that Koski's husband will be taking custody of the unborn child after Koski gives birth to that child.

5.    This matter is referred to Judge Piester for further progression including setting this matter for trial.  In that regard, the "Speedy Trial clock" is restarted effective June 8, 2009.  The Clerk shall provide Judge Piester with a copy of this memorandum and order.

6.    The Clerk shall provide copies of this memorandum and order to all counsel of record in this case and to counsel for the government.

7.    The Clerk shall provide copies of this memorandum and order to the United States Marshals Service and to the Pretrial Services Office.

8.    My judicial assistant shall provide Dr. Yanez and Commander McGee at the Bureau of Prisons with a copy of this memorandum and order. They have my sincere thanks.

DATED this 8th day of June, 2009.

> BY THE COURT:
> *s/Richard G. Kopf*
> United States District Judge