IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3148 |
| | ) | |
| v. | ) | |
| | ) | |
| ANGEL M. KOSKI, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Angel M. Koski (Koski) seeks a reduction in her sentence because of Amendment 742 to the Guidelines that eliminated criminal history points for "recency." I construe her pro se motion as one brought pursuant to 18 U.S.C. § 3582(c), and I deny it.

Koski was sentenced on December 15, 2009. (Filing no. 352.) At that time, her criminal history category was VI, and she had 16 criminal history points. (Filing no. 343 at CM/ECF p. 15 and ¶ 70.)

On May 14, 2010, the U.S. Sentencing Commission sent to Congress notice of several new amendments to the United States Sentencing Guidelines slated to take effect on November 1, 2010. 75 Fed.Reg. 27388-01. One of the new amendments eliminated a guideline provision that had been in place since the Guidelines' inception–U.S. S.G. § 4A1.1(e). Section 4A1.1(e) added to a defendant's criminal history points what are generally referred to as "recency" points.

Either one or two points were added to a defendant's criminal history under § 4A 1.1(e) when the defendant committed the current offense within two years of being released from a term of imprisonment of at least sixty days. This amendment is now

formally designated as Amendment 742, although it was sometimes referred to as "Amendment 5" because it was listed fifth in the notice sent on May 14, 2010, to Congress in 75 Fed.Reg. 27388-01. Amendment 742 does leave in place § 4A1.1(d), which adds criminal history points when a defendant was under supervision while committing the current offense. Section 4A 1.1(d) provides, "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

Although Amendment 742 took effect on November 1, 2010, the Commission did not make the amendment retroactive. Pursuant to both section 3553(a)(4) and the guidelines, district courts must use the guidelines in effect on the date of sentencing. 18 U.S.C. § 3553(a)(4); U.S.S.G. § 1B 1.11. Defendants who have already been sentenced are not entitled to relief under a new guideline amendment *unless* the Sentencing Commission lists the new amendment in U.S.S.G. § 1B1.10(c). *See*, *e.g.*, 28 U.S.C. § 994(o)&(u). With regard to Amendment 742, the Commission studied and considered whether to make Amendment 742 retroactive, but it ultimately decided against retroactivity for Amendment 742.

Since Amendment 742 is not listed in U.S.S.G. § 1B1.10(c), this Court has no authority to apply the amendment and reduce the defendant's sentence. Indeed, other courts have consistently refused to grant movants like Koski relief under Amendment 742. *See*, *e.g.*, *United States v. Cabrera*, 2011 WL 476616 (S.D. N.Y. 2011); *United States v. Randall*, 2011 WL 52551 (D. Kan. 2011); *United States v. Boone*, 2010 WL 4853289 (E.D. Va. 2010). This is because "[n]o one disputes that the Commission's retroactivity determinations ... are binding." *Dillon v. United States*, 130 S. Ct. 2683, 2693 (2010).

It is also worth observing that Koski would not be entitled to relief even if I could apply Amendment 742. Since she had 16 criminal history points at the time of

sentencing, her criminal history score would remain at category VI (the worst) even if two points were removed.

Accordingly,

IT IS ORDERED that "Petition For Two (2) Point Reduction In Offense Level Due to Revision In the Sentencing Guidelines Effective December 2010" (filing no. 457) is denied.

DATED this 12th day of April, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge