IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3148 |
| | ) | |
| v. | ) | |
| | ) | |
| ANGEL M. KOSKI, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

Angel M. Koski (Koski) has filed a Motion to Appoint Counsel (filing no. 460 and a Motion to Vacate Under 28 U.S.C. § 2255. (Filing no. 459).  After initial review, both motions will be denied.

First, there is no right to counsel in a § 2255 proceeding.  *See*, *e.g.*, *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999).  Furthermore, the files and records establish that Koski has a performance I.Q. of 116 (above average) and no mental health problem that would render her incompetent. (Filing no. 186 (forensic report).)

Second, Koski's claim that her counsel was ineffective fails because the files and records establish that her counsel acted competently and because Koski cannot show any prejudice.  The government's evidence–that Koski was a methamphetamine "smurf" and part of conspiracy–was overwhelming.  A trial would have been a disaster for Koski.  The record establishes that the plea agreement was explained to Koski in great detail–including the appeal waiver– and the record establishes that Koski personally asked that I accept the plea agreement. (E.g., filing no. 269, filing no. 270, filing no. 394, filing no. 395.)   Defense counsel was able to secure a sentence at the low end of the Guidelines despite Koski's criminal history score of VI

and counsel was able to convince me to grant Koski a two level decrease for being a minor participant over the objection of the probation officer and the government. (Filing no. 352, filing no. 353.)  To the degree that Koski claims that her counsel failed to adequately consult her regarding the direct appeal, there is no showing that the alleged lack of consultation caused any prejudice.   That is particularly true because there was an appeal waiver in the plea agreement.  *See United States v. Koski, 409 Fed. Appx. 971, 2011 WL 396085 (8th Cir. 2011)*.

Finally, as is the custom, the Court of Appeals reappointed defense counsel to handle the appeal and it took Koski's motion for appointment of another lawyer up when it considered the direct appeal. (*See* Court of Appeals Docket #09-3982, entries dated 12/31/09 and 7/12/2010.)  The Court of Appeals effectively denied Koski's motion for another free lawyer when it affirmed the conviction.  I have no power to rule that the Court of Appeals erred.  In any event, and despite  Koski's argument to the contrary, she has no Sixth Amendment right to choose who her appointed counsel will be on appeal (or otherwise).

IT IS ORDERED the Motion to Appoint Counsel (filing no. 460) and the Motion to Vacate Under § 2255 (filing no. 459) are denied.  A separate judgment will be issued.

DATED this 19th day of July, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.